1
2
3
4
5                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
6                                    AT SEATTLE

7    JOHN ROBERT DEMOS,

8                         Plaintiff,                Case No. C22-512-TSZ-SKV

9           v.

10   THE STATE OF WASHINGTON,              REPORT AND RECOMMENDATION

11                        Defendant.

12

13          Plaintiff John Demos, a state prisoner, has filed an application to proceed *in forma*

14   *pauperis* ("IFP") and a document entitled "Motion for Clarification" which the Court construes

15   as a proposed civil complaint. Dkts. 1, 1-1. Plaintiff is well-known locally and nationally as an

16   abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the

17   Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals,

18   and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993).

19          Plaintiff challenges in this action the constitutionality of Article III, Section 5 of the

20   Washington State Constitution. This section pertains to the powers of the governor and provides

21   that "The governor may require information in writing from the officers of the state upon any

22   subject relating to the duties of their respective offices, and shall see that the laws are faithfully

23   executed." Wash. Const. art. III, § 2. Plaintiff asserts that this provision of the Washington

REPORT AND RECOMMENDATION
PAGE - 1

1   Constitution is unconstitutionally vague, conflicts with Article II, Section 2 of the United States

2   Constitution, and violates the Separation of Powers Clause.  Dkt. 1-1 at 1.

3       Plaintiff also alleges in his pleading that Article X, Section 2 of the Washington State

4   Constitution conflicts with Article II, Section 3 of the United States Constitution.  *Id*. at 2.

5   Article X, Section 2 of the Washington Constitution provides that:

6       The legislature shall provide by law for organizing and disciplining the militia in
        such manner as it may deem expedient, not incompatible with the Constitution
7       and laws of the United States. Officers of the militia shall be elected or appointed
        in such manner as the legislature shall from time to time direct and shall be
8       commissioned by the governor. The governor shall have power to call forth the
        militia to execute the laws of the state to suppress insurrections and repel
9       invasions.

10      Plaintiff's arguments in support of his claims lack sufficient detail and clarity for this

11  Court to discern why Plaintiff believes the cited provisions of the Washington Constitution to be

12  objectionable.  However, it is not necessary for the Court to seek clarification of Plaintiff's

13  claims.  Because of Plaintiff's history as an abusive litigant, he is permitted to submit only three

14  IFP applications and proposed actions each year.  *See In re John Robert Demos*, MC91-269-

15  CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert*

16  *Demos* (W.D. Wash. Dec. 15, 1982).  Plaintiff has already reached this annual limit.  *See, e.g.*,

17  *Demos v. Wash. State Dep't of Corr.,* 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v.*

18  *Wash. State Dep't of Corr.*, 2:22-cv-00502-LK-JRC (W.D. Wash. 2022); *Demos v. State of*

19  *Wash. et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-

20  00271-JHC (W.D. Wash. 2022).  This alone precludes Plaintiff from proceeding with this action.

21  However, there is an additional restriction on Plaintiff's submission.

22      Specifically, this action is also subject to dismissal because Plaintiff fails to meet the

23  requirements of 28 U.S.C. § 1915(g).  Under § 1915(g), Plaintiff must demonstrate "imminent

REPORT AND RECOMMENDATION
PAGE - 2

danger of serious physical injury" to proceed IFP because he has had more than three prior

actions dismissed as frivolous, malicious, or for failure to state a claim.  *See Demos v. Lehman*,

MC99-113-JLW (W.D. Wash. Aug. 23, 1999).  Plaintiff's submission does not contain "a

plausible allegation that [he] faced imminent danger of serious physical injury at the time of

filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).

Indeed, Plaintiff's submission contains *no* allegation whatsoever that he faced imminent danger

of serious physical injury at the time of filing.

Based on the foregoing, this Court recommends that Plaintiff's IFP application (Dkt. 1)

be DENIED and this action be DISMISSED without prejudice.  A proposed Order accompanies

this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

and Recommendation is signed.  Failure to file objections within the specified time may affect

your right to appeal.  Objections should be noted for consideration on the District Judge's

motions calendar for the third Friday after they are filed. Responses to objections may be filed

within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter

will be ready for consideration by the District Judge on **May 20, 2022**.

Dated this 25th day of April, 2022.

S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 3